By the Court.
This cause coming on to be heard upon the general demurrer to the petition filed herein, was argued by counsel; on consideration whereof the court finds that in the legislative scheme adopted by the general assembly on February 12, 1913, it was thereby provided by Section 5017, General Code (103 O. L., 59), for a separate ballot for presidential electors, and that by Section 5021, General Code (103 O. L., 22), it was provided “that on the ticket for presidential electors blank enclosed spaces shall not be provided on the left and before the names of the presidential electors. A cross mark in the large blank circular space above the name of the party at the head of said ticket shall constitute a vote and be counted as such for each of the presidential electors thereon.”
By an act passed May 20, 1915 (106 O. L., 346), Section 5017, General Code, was amended by striking out the provisions for a separate ballot arid *400 restoring the provisions upon that subject substantially as they existed prior to February 12,1913. The latter portion of Section 5021, General Code, above quoted thereby became inoperative and void.
It is therefore considered and adjudged by the court that the demurrer to the petition be overruled, and the defendant not desiring to plead further, the court finds in favor of the plaintiff and decrees that a writ of mandamus be awarded as prayed for.

Demurrer overruled, and writ allowed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.